IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 795 )<br>)<br>    Plaintiff,             )<br>)<br>v.                                           )<br>)<br>THE KROGER CO., a corporation d/b/a )<br>DILLONS FOOD STORE               )<br>)<br>    Defendant.            )<br>_____) | CIVIL ACTION<br>CASE NO. ____ |

**PLEADING**

International Brotherhood of Teamsters Local Union No. 795, Plaintiff, pleads as follows:

**PRELIMINARY STATEMENT**

1. This is an action arising under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), to compel compliance with the grievance and arbitration procedures under the Parties' Collective Bargaining Agreement ("CBA").

**PLACE OF TRIAL**

2. Pursuant to Rule 40.2 of the Rules of Practice for the District of Kansas, Plaintiff requests that Wichita, Kansas be designated as the place of trial in this matter.

**PARTIES**

3. Plaintiff International Brotherhood of Teamsters Local Union No. 795 (the "Union") is an unincorporated association that maintains its principal place of business and executive offices in this judicial district. Local 795 has its primary place of business in Wichita, Kansas. At all times relevant to this dispute, the Union has been a labor organization as defined in Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), and Section 301 of the LMRA, 29 U.S.C § 185, and is the exclusive collective bargaining representative

for a bargaining unit of employees at Kroger's facilities located in Hutchinson and Goddard, Kansas.

4. Defendant The Kroger Co. ("Kroger"), d/b/a Dillons Food Store, is an Ohio corporation and an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. § 152(2), and Section 301 of the LMRA, 29 U.S.C. § 185, with its principal place of business in Cincinnati, Ohio. Kroger operates facilities in Hutchinson and Goddard, Kansas.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185.

6. Venue lies in this court under 29 U.S.C. § 185 and 28 U.S.C. § 1391 because Kroger operates facilities in Hutchinson and Goddard, Kansas, because the Union represents employees in those facilities, and because the events giving rise to this action occurred in this judicial district.

## FACTS

7. The Union and Kroger are parties to a CBA effective September 18, 2022 through September 19, 2027. A true and correct copy of the CBA is attached hereto as Exhibit A and incorporated herein by reference.

8. Article 13 of the CBA, entitled "Disputes or Grievances," sets forth the grievance procedure. In short, Section 13.1 provides the following steps of the grievance procedure: step one, where the employees and/or steward present the grievance presentation to management; step two, where a meeting is held between the Union and the Distribution Manager, and after management provides a written response; and step three, where the matter is presented to the Step Three Committee.

9. Article 13.2 provides that in the event the Step Three Committee cannot resolve the matter, it will be considered "deadlocked" and may be submitted to arbitration.

10. Article 37 of the CBA, entitled "Health Care," provides in Section 37.1 the health benefits that bargaining unit employees are entitled to.

## ACTION TO COMPEL GRIEVANCE AND ARBITRATION PROCEDURES

11. The Union filed a grievance on January 9, 2025 (the "Grievance"), alleging that Kroger violated Article 37, Section 1 of the CBA by failing to have insurance cover the Grievant's wife and child. A true and correct copy of the Greivance is attached hereto as Exhibit B and incorporated herein by reference.

12. On March 13, 2025, during a labor-management meeting, the Local raised the Grievance for second step review. At this meeting, Kroger took the position that it was not a valid grievance and should not be heard at the second step. Kroger has therefore refused to process the Grievance and/or provide a second step decision.

13. Subsequently, on March 27, 2025, Kroger sent a communication to the Union reiterating its refusal to hear or proceed on the Grievance.

14. Since this date, Kroger has refused to allow the Grievance to proceed through the steps provided in Section 13.1 of the CBA, including arbitration as provided in Section 13.2 of the CBA. Upon information and belief, Kroger maintains the position that it refuses to process and arbitrate the Grievance.

15. Kroger's refusal to proceed and arbitrate the Grievance violated Article 13 of the CBA.

16. The Grievance involves a matter that is arguably subject to arbitration under the provisions of the CBA.

17. There is no provision in the CBA that expressly excludes the subject matter of the Grievance from arbitration.

18. Kroger's refusal to proceed and arbitrate the Grievance constitutes a breach of the terms of the CBA and is without excuse, without merit, unjustified, dilatory, frivolous and done in bad faith, vexatiously and/or for oppressive reasons.

**WHEREFORE,** the Union prays for relief as follows:

A. That the Court enter a judgment and order against Defendant Kroger compelling Defendant Kroger to process the Grievance in accordance with the provisions of the CBA, including the submission of the Grievance to final and binding arbitration;

B. That the Court enter a judgment and order against Defendant Kroger compelling Defendant Kroger to try all substantive and procedural issues concerning the Grievance in one hearing before a single arbitrator;

C. For its reasonable attorneys' fees;

D. For costs of suit incurred herein; and

E. For such other and further relief as this Court deems just and proper.

Dated: April 22, 2025

Respectfully submitted,

BLAKE & UHLIG, P.A.

/s/ Michael E. Amash
Michael E. Amash, No. 22998
Cayla M. Rodney, No. 29030
6803 West 64th Street, Suite 300
Overland Park, Kansas
(913) 321-8884
(913) 321-2396 – Fax
mea@blake-uhlig.com
cmr@blake-uhlig.com
***Attorneys for Plaintiff***