IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 795,<br><br>   Plaintiff,<br><br>   v.<br><br>THE KROGER CO., d/b/a DILLONS FOOD STORE,<br><br>   Defendant. | Case No.  6:25-cv-01074-HLT-GEB |

## MEMORANDUM AND ORDER

Plaintiff Teamsters Local Union No. 795 sues Defendant the Kroger Co. under 29 U.S.C. § 185(a) of the Labor Management Relations Act (LMRA). Plaintiff seeks an order compelling Defendant to arbitrate a dispute with one of Defendant's employees. Plaintiff and Defendant have a collective bargaining agreement (CBA). The CBA contains a set of grievance procedures for certain disputes "over the interpretation or application of the contents of [the CBA] . . . ." Doc. 1-1 at 16. The last step of the CBA's grievance procedures is arbitration. *Id.* at 17-18. The grievance Plaintiff seeks to arbitrate concerns Defendant's refusal to enroll one of its employees' family members in a health insurance plan outside the plan's open enrollment period. Plaintiff argues that the CBA grievance procedures apply to the grievance and that Defendant breached the CBA by refusing to arbitrate.

Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6). Doc. 12. Defendant contends the Court lacks subject-matter jurisdiction because Plaintiff's complaint is so obviously meritless that the LMRA cannot be a source of federal question jurisdiction. Defendant alternatively argues that the Court should dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim. The Court disagrees on the former but agrees on the latter. The Court

therefore grants Defendant's motion and dismisses Plaintiff's complaint with prejudice under Rule 12(b)(6).

I.   **BACKGROUND**[1]

Alejandro Prieto is one of Defendant's employees. Doc. 1-2 at 4. Prieto enrolled in 2024 in one of the health insurance plans Defendant makes available. *See id.* at 2-4. Prieto elected to purchase health insurance coverage for himself only. *Id.* Prieto did not purchase health insurance for his family members but apparently intended to do so. *Id.* Prieto didn't discover his error until January 2025. But the "open enrollment" period for purchasing coverage under the insurance plans Defendant offered was closed, and none of the conditions that would have permitted him to enroll outside the open enrollment period applied. *Id.* Prieto was thus unable to purchase health insurance for his family members. *Id.* Prieto pursued a grievance with Plaintiff's assistance and invoked the grievance procedures found in Article 13 of the CBA.

Article 13, section 13.1 states:

> Should any employee have any grievance, dispute or complaint over the interpretation or application of the contents of this Agreement, there shall be an earnest effort by the employee, the Union and the Employer to settle the matter promptly.

Doc. 1-1 at 16. Section 13.1 then prescribes a series of dispute resolution steps to be followed, which includes arbitration as the final step. *Id.* at 16-18.

Article 37 is the portion of the CBA that governs various forms of health care benefits. *Id.* at 33. Section 37.1 obligates Defendant to "make available the choice of two Health Care Options:

---

[1] The following background comes from Plaintiff's complaint as well as the documents attached to the complaint as exhibits. The Court can consider these attached documents on a motion to dismiss without the need to convert the motion into one for summary judgment. *See, e.g., Olson v. Peacock*, 2023 WL 11978242, at *2 (D. Kan. 2023).

The Court notes that Defendant filed multiple exhibits of its own that were not attached to the complaint. The Court's sense is that these documents were included to buttress its Rule 12(b)(1) argument. The Court's analysis does not depend on these exhibits. The Court's conclusions that it has subject-matter jurisdiction and that the complaint fails to state a claim are based only on the complaint and the exhibits attached to it.

Plan A or C; and one Dental Option," and to provide summaries of those plans as attachments to the CBA. *Id.* Complete descriptions of the plans are governed by separate documents, which section 37.1 calls "Summary Plan Description Booklets" or "SPDs." *Id.* The terms and conditions of the SPDs "govern" for anything in the plans that isn't noted in the summaries attached to the CBA. *Id.*

Defendant refused to advance Prieto's grievance under the procedures outlined in Article 13 and refused to arbitrate. Plaintiff then filed the present action in this Court alleging that Defendant breached the CBA and seeking an order compelling the parties to arbitrate.

## II.    ANALYSIS

Defendant moves to dismiss Plaintiff's complaint under Rules 12(b)(1) and 12(b)(6). The Court addresses each below.

**Subject-Matter Jurisdiction.** Defendant's arguments for dismissal all revolve around its contention that Prieto's grievance concerns the health insurance plans' terms and conditions and that those terms and conditions are not part of the CBA. Defendant argues that the Court lacks jurisdiction because the grievance isn't about the CBA so Article 13's grievance procedures are inapplicable. Although the Court ultimately agree with Defendant that Prieto's grievance falls outside the scope of the plain meaning of the CBA's grievance procedures, it does not agree that this deprives the Court of subject-matter jurisdiction.

"Jurisdiction is not defeated by the possibility that [a complaint's] averments might fail to state a cause of action on which [a plaintiff] could actually recover." *Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) (internal quotation and citation omitted). Federal question jurisdiction under § 1331 is properly invoked when a plaintiff "pleads a colorable claim arising under the Constitution or laws of the United States." *Id.* (internal quotation and citation

omitted). And meritless claims can still be colorable. *McKenzie v. U.S. Citizenship and Immigration Servs. Dist. Dir.*, 761 F.3d 1149, 1156-57 (10th Cir. 2014). It's only when a meritless claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (internal quotation and citation omitted). Courts ask "whether the cause of action is so patently without merit as to justify the court's dismissal for want of jurisdiction." *Id.* at 1157 (internal quotation and citation omitted). "[T]he complaint must identify the statutory or constitutional provision under which the claim arises[ ] and allege sufficient facts to show that the case is one arising under federal law." *Davison*, 582 F. App'x at 775 (internal quotation and citation omitted).

Plaintiff's whole claim is that the CBA entitles Prieto to access Article 13's grievance procedure. Plaintiff identifies the relevant portion of the CBA it alleges gives him that right (Article 13). And Plaintiff identifies the statutory provision under the LMRA that gives it the right to litigate alleged violations of agreements between labor organizations and employers (like the CBA). The Court ultimately concludes that Plaintiff fails to state a claim because the terms and conditions governing the insurance plans and disputes over whether those terms and conditions have been violated fall outside the CBA. But it cannot say that Plaintiff's claim seeking to enforce the CBA's grievance provision for alleged violations of those terms and conditions is insubstantial or implausible or so completely without merit that it presents no federal controversy.

**Failure to State a Claim.** Because Plaintiff's complaint successfully invokes federal question jurisdiction, the Court turns to Defendant's Rule 12(b)(6) argument. As noted above, the Court agrees that the complaint fails to state a claim upon which relief can be granted. The Court therefore dismisses Plaintiff's complaint.

The CBA is a contract between Plaintiff and Defendant. Disputes about how to interpret or apply the contents of the CBA follow a multi-step grievance procedure, and the final step is arbitration. Plaintiff's claim is that Defendant breached the CBA because this multi-step process controls Prieto's grievance with Defendant and Defendant refuses to arbitrate. Defendant disagrees and argues that the CBA is distinct from the health insurance plans it obligates Defendant to offer. Defendant contends that Prieto's grievance is not about the interpretation or application of the CBA's contents but is instead about the specific conditions governing his enrollment in his health insurance plan. Defendant thus argues that the Article 13 grievance process is inapplicable and it therefore does not breach the CBA by refusing to arbitrate Prieto's grievance.

The Court agrees with Defendant. Whether Defendant is obligated to arbitrate its dispute with Prieto turns on whether Prieto's grievance concerns the application or interpretation of the CBA's contents. The issue for the Court to resolve is what the parties agreed to arbitrate. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 302-03 (2010). If no agreement to arbitrate a particular dispute exists, then the parties aren't compelled to do so. *Id.*; *Society of Prof'l Eng'g Emps. in Aerospace, Local 2001 v. Spirit Aerosystems, Inc.*, 681 F. App'x 717, 721-22 (10th Cir. 2017).

In this case, there's no escaping the CBA's plain language. The CBA's grievance and arbitration provision applies to the application or interpretation of the CBA's contents. The CBA requires Defendant to make health insurance plans broadly available to eligible employees and obligates Defendant to include some information about those plans in the CBA. But the CBA is express that the terms and conditions that govern these health insurance plans are <u>not</u> creatures of the CBA. Doc. 1-1 at 33. Rather, they come from the plans unless otherwise set out in an

attachment.² *Id.* Prieto's grievance over whether his family members ought to be covered under a plan concerns issues external to the CBA's contents. His grievance concerns terms or conditions that might (or might not) limit an eligible individual's ability to enroll in a particular plan, which is not addressed in the CBA or an attachment.³ Prieto's grievance doesn't concern whether Defendant satisfied its obligation under the CBA to make <u>certain types of plans</u> available to eligible employees to choose from or to include certain information about the plans in the CBA. *See Int'l Assn. of Machinists and Aerospace Workers, Dist. No. 10 v. Waukesha Engine Div., Dresser Indus., Inc.*, 17 F.3d 196, 199 (7th Cir. 1994) (no obligation to arbitrate a denial of a worker's spouse's health insurance claim under a CBA where the grievance didn't implicate the employers' overall obligation under the CBA to provide insurance coverage). Prieto's grievance therefore does not trigger Article 13's grievance procedures because it does not concern the CBA's contents. Defendant hasn't breached the CBA by refusing to arbitrate Prieto's grievance under Article 13.

In sum, Plaintiff fails to state a claim. The Court grants Defendant's motion to dismiss (Doc. 12) and dismisses Plaintiff's complaint under Rule 12(b)(6).

THE COURT THEREFORE ORDERS that Plaintiff's Rule 12(b)(6) motion (Doc. 12) is GRANTED. The Court dismisses the case with prejudice. The case is closed.

IT IS SO ORDERED.

Dated: September 30, 2025                /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE

---

² The Court notes Defendant's contention that the plans are also governed by ERISA's statutory and regulatory framework. The Court's analysis does not and need not reach this contention. The Court's analysis is confined to what the CBA says.

³ This is not to say that certain of the plans' terms and conditions are or are not, in fact, limiting in this respect. That is a separate matter altogether. Rather, the Court's conclusion is that whatever enrollment-related conditions may or may not exist or whatever those conditions may or may not do are not part of the CBA's contents.